UNITED STATES of America

v.

Christopher PADILLA also known as Toby Padilla also known as Christopher Gonzales, Christopher Padilla, Appellant.

No. 07–4682.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2008.

Filed: Jan. 20, 2009.

Jose R. Arteaga, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Louis T. Savino, Jr., Esq., Louis T. Savino & Associates, Philadelphia, PA, for Appellant.

BEFORE: McKEE, NYGAARD, and SILER,\* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Christopher Padilla, pleaded guilty to possession of a firearm by a convicted felon. He was sentenced to 46 months of imprisonment, three years of supervised release, and $100 special assessment. Trial counsel failed to file a notice of appeal. The District Court, however, granted Appellant's motion under 28 U.S.C. § 2255, reinstating Padilla's right to file a direct appeal *nunc pro tunc*. This appeal followed.

On appeal Padilla argues that the District Court erred by imposing a four-level sentencing enhancement upon him for possessing a firearm and recklessly endangering others by firing it in the air, in violation of Pennsylvania law. He argues that because trial counsel failed to object to the enhancement, counsel's conduct falls below the horizon of acceptable professional effectiveness. We will affirm.

---

\* Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Counsel will not be considered ineffective if the objection to the enhancement would have been futile. It is the Appellant's burden to establish that the District Court committed the plain error. To do so, he must show that (1) the District Court erred; (2) the error was obvious under the law at the time; and (3) the error affected substantial rights and affected the outcome of the proceedings. *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

We conclude that Padilla is not entitled to relief. The District Court was permitted to rely on the undisputed facts stated in the presentence report, *United States v. Siegel,* 477 F.3d 87, 93 (3d Cir.2007). Those facts, contrary to Padilla's argument on appeal, adequately set forth the elements of another felony offense—reckless endangerment—in violation of Pennsylvania law. Thus the record supports the sentencing enhancement imposed by the District Court. For the foregoing reasons, we will affirm.